**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JORGE EDUARDO NAVA,** | § | |
| **Petitioner,** | § | |
| | § | **Cause No. EP-25-CV-536-KC** |
| **v.** | § | **Cause No. EP-16-CR-1752-KC-2** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Jorge Eduardo Nava, Federal Prisoner Number 78766-280, challenges his sentence through a *pro se* motion under 28 U.S.C. § 2255. Mot. to Vacate, ECF No. 172.[1] His motion is denied as untimely.

### BACKGROUND AND PROCEDURAL HISTORY

Nava is a 33-year-old inmate currently confined at the Federal Correctional Institution in Oakdale, Louisiana. *See* www.bop.gov/inmateloc/ (search for Reg. 78766-280, last visited Jan. 12, 2026). His anticipated release date is April 29, 2050. *Id.*

Nava was indicted for possessing and conspiring to possess cocaine. *United States v. Nava*, 957 F.3d 581, 585 (5th Cir. 2020). He proceeded to trial where a jury convicted him of both offenses. *Id.* At sentencing, he was held accountable for 18.72 kilograms of cocaine as well as 29 kilograms of methamphetamine discovered inside a pickup truck registered to him during a traffic stop in Gulfport, Mississippi. *Id.* He was sentenced to two concurrent terms of 480 months' imprisonment followed by five years' supervised release. *Id.* His sentences were affirmed by the Fifth Circuit Court of Appeals. *Id.* at 589. His petition for a writ of certiorari was denied by the Supreme Court. *Nava v. United States*, 141 S. Ct. 831 (2020).

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in EP-16-CR-1752-KC-2. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

Nava's § 2255 motion raises four ineffective-assistance-of-counsel claims. Mot. to Vacate, ECF No. 172. First, he notes that his counsel failed to challenge consideration of methamphetamine seized in Gulfport as relevant conduct. *Id.* at 4. Second, he claims that he acted on behalf of the Government to obtain information concerning drug trafficking and his counsel should have raised a public-authority defense pursuant to Federal Rule of Criminal Procedure 12.3. *Id.* at 5. Third, he maintains that he did not approve of his counsel's defense, which he asserts deprived him of a fair trial. *Id.* at 7. Finally, he argues that a language barrier prevented him from effectively taking part in his defense, his counsel made decisions without his approval, and his counsel failed to challenge the venue for his trial. *Id.* at 8. He asks that the Court grant him the "relief to which [he] may be entitled." *Id.* at 12.

## STANDARD OF REVIEW

Section 2255 "'provides the primary means of collateral attack on a federal sentence.'" *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990)). It permits a court to "vacate and set the judgment aside" if a prisoner's claims are meritorious and to "discharge the prisoner or resentence him or grant [him] a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). But it also allows a court to dismiss the motion "[i]f it plainly appears from the motion ... and the record of prior proceedings that the moving party is not entitled to relief." 28 U.S.C. foll. § 2255 Rule 4(b); *see also* 28 U.S.C. § 2255(b); *United States v. Drummond*, 910 F.2d 284, 285 (5th Cir. 1990) ("Faced squarely with the question, we now confirm that § 2255 requires only conclusive evidence—and not necessarily direct evidence—that a defendant is entitled to no relief under § 2255 before the district court can deny the motion without a hearing.").

A federal prisoner's § 2255 motion is subject to a one-year limitations period. 28 U.S.C. § 2255(f). He must file his motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the movant could have discovered, through due diligence, the factual predicate for the motion. *Id.*

The one-year limitations period is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). But equitable tolling is not available for "'garden variety claims of excusable neglect.'" *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). It "is permitted only 'in rare and exceptional circumstances.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'" *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999)). Further, "'[e]quity is not intended for those who sleep on their rights.'" *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'" *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)). Moreover, a movant has the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). To satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way" of timely filing a § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Finally, "[t]the decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion. *Cousin*, 310 F.3d at 848.

## ANALYSIS

In most cases, § 2255's limitations period begins to run when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1); *Clay v. United States*, 537 U.S. 522, 524 (2003). A judgment becomes final when the applicable period for seeking direct review expires. *Clay*, 537 U.S. 522 at 525; *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

Nava's petition for certiorari in the Supreme Court was denied on November 9, 2020. *Nava*, 141 S. Ct. 831. His convictions became final that same day. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000). Consequently, he had until November 9, 2021, to file a § 2255 motion within one year of the judgment becoming final. 28 U.S.C. § 2255(f)(1). He filed his undated § 2255 motion on November 10, 2025. Mot. to Vacate, ECF No. 172. Hence, he filed it four years beyond the limitations period—and it is time-barred—unless some other statutory provision or equitable tolling applies.

Nava does not argue that a government-created impediment prevented him from timely filing his motion. 28 U.S.C. § 2255(f)(2). He does not suggest that the Supreme Court initially recognized—and made retroactively applicable to his case on collateral review—the legal predicate for his motion. *Id*. § 2255(f)(3). He also does not claim that he recently discovered the factual predicate for his § 2255 motion. *Id*. § 2255(f)(4). Consequently, his § 2255 is time-barred unless equitable tolling applies.

In his § 2255 motion, Nava asks the Court to equitably toll the limitation period for multiple reasons. First, he "contends that counsel did not communicate to him that he could file a habeas corpus petition." Mot. to Vacate, ECF No. 172 at 10. Second, he maintains that he could not speak, read, or write in English and his law library did not contain materials in his language. *Id*. Third, he claims he was told "it was over" when the Supreme Court denied his petition for certiorari and he did not know he could file a habeas corpus petition. *Id*.

 "A prisoner has no right to counsel during post-conviction proceedings, so the fact that [a petitioner] did not have assistance of counsel for his post-conviction briefing does not indicate that he should be entitled to equitable tolling." *Gonzales v. Wilkinson*, 269 F. App'x 481, 486 (5th Cir. 2008). Even if a prisoner has counsel, "an attorney's error or neglect does not warrant equitable tolling." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). That is because an "attorney is the prisoner's agent, and under well-settled principles of agency law, the principal bears the risk of negligent conduct on the part of his agent." *Maples v. Thomas*, 565 U.S. 266, 280–81 (2012) (quotation omitted).

Additionally, the inability to speak, read, or write in English is—unfortunately—not uncommon in the prison system and does not warrant equitable tolling. *Orellana v. Kent*, No. 19-CV-13177, 2020 WL 13336527, at *7 (E.D. La. June 29, 2020), *report and recommendation adopted*, No. CV 19-13177, 2022 WL 1748412 (E.D. La. May 31, 2022); *see also United States v. Teshima-Jiminez*, No. 97-CR-087, 1999 WL 600326, at *2 (E.D. La. Aug. 5, 1999) ("[T]he disproportionate level of English spoken in the correctional institution cannot be said to present a 'rare and exceptional circumstance' necessary for equitable tolling."); *Perez v. Johnson*, No. 01-CV-0013, 2001 WL 804524, at *4 (N.D. Tex. July 6, 2001) ("Petitioner's lack of familiarity

5

with the English language does not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the AEDPA limitation period."); *Nguyen v. Merrau*, No. 98-2038, 1998 WL 556628, at *2 (N.D. Cal. Aug. 24, 1998) (equitable tolling not justified where based on "lack of fluency in the English language and [petitioner's] alleged inability to find a jailhouse lawyer") (citing *Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (explaining illiteracy of a *pro se* petitioner not sufficient to meet standard of an objective, external factor amounting to "cause" for purposes of avoiding procedural bar on habeas claims)).

Furthermore, "the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the … statute of limitations." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008) (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Even under liberal construction, Nava's pleadings did not suggest that "rare and exceptional circumstances" prevented him from submitting his § 2255 motion within the one-year limitations period. And his extended period of inactivity clearly indicated a lack of due diligence. *See Fisher*, 174 F.3d at 715 ("[E]quity is not intended for those who sleep on their rights."). He apparently did not pursue the habeas "process with diligence and alacrity." *Phillips*, 216 F.3d at 511.

The Court, after completing a preliminary screening, concluded that it plainly appeared from Nava's motion and the record of prior proceedings that his motion was untimely, and that he was likely not entitled to equitable tolling. Accordingly, the Court ordered Nava to show cause why it should not deny his motion as time barred. Order to Show Cause, ECF No. 174.

In his response to the order, Nava explains that he lacks "knowledge of the laws and procedures" and asserts that his "counsel … deprived him [of] access to his complete transcript and record." Movant's Resp., ECF No. 178 at 1. He asks that the Court "be fair in this matter due to his lack of legalese and grant equitable tolling based on … the ineffective assistance of counsel." *Id.* at 3.

The Court has already noted a long line of cases has held "that mere ignorance of the law or of statutes of limitations is insufficient to warrant tolling." *Felder*, 204 F.3d 172. It has further noted "that attorney negligence is not an extraordinary circumstance warranting equitable tolling." *Holland*, 560 U.S. at 655.

The Court now observes the fact that a movant is proceeding *pro se* is likewise insufficient to equitably toll the limitations period. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002); *see also Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

Nava has not identified any external factors beyond his control which caused his delay. And he falls far short of exhibiting reasonable diligence in challenging his sentence. As a result, he fails to establish in his motion "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing a § 2255 motion. *Lawrence*, 549 U.S. at 336.

## CERTIFICATE OF APPEALABILITY

A movant may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). He may not receive a certificate of appealability unless he "has made a substantial showing of the denial of a

constitutional right." *Id*. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" when district court rejects his constitutional claims on the merits. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings). He must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" when district court rejects his claims solely on procedural grounds. *Slack*, 529 U.S. at 484.

The Court will not issue a certificate of appealability because reasonable jurists could not debate the Court's reasoning for denying Nava's claims as untimely. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).

## CONCLUSIONS AND ORDERS

The Court concludes that Nava's claims are time-barred and that he is not entitled to equitable tolling. The Court further concludes that Nava is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Jorge Eduardo Nava's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 172) is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Jorge Eduardo Nava is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

8

**IT IS FURTHER ORDERED** that all other pending motions in this case are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

**SIGNED this 14th day of January, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE